IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY OF NEW YORK,<br><br>    *Plaintiff*,<br><br>v.<br><br>RETIREMENT VALUE, LLC,<br><br>    *Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 3:22-cv-00275-L<br>:<br>:<br>:<br>:<br>:<br>: |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Delaware Life's Response relies on immaterial "discrepancies" rather than any genuine issues of material fact regarding the death of the insured, Lilly Segal. As a matter of law, Delaware Life is obligated to pay the death benefits owed on the Segal Policies, and this Court should enter the declaratory judgment requested by Retirement Value.

**A.   The Inzlicht-Sprei Declaration Negates Any Question Regarding Lilly Segal's Death**

Retirement Value seeks judgment declaring that plaintiff Delaware Life must pay the death benefits on the Segal Policies owned by Retirement Value and insuring the life of Lilly Segal. In support, Retirement Value submitted a declaration from Ms. Segal's treating physician, Dr. Inzlicht-Sprei, who personally identified Ms. Segal upon her death at her son's home address—the same one disclosed in the Segal Policies. *Inzlicht-Sprei Dec.*, App. 76-77. Dr. Inzlicht-Sprei also confirmed that the death certificate he signed for Ms. Segal reflected her legal name that had been changed to Sprinta Berger. *Id.*, App. 79. The additional evidence submitted by Retirement Value supports and confirms Dr. Inzlicht-Sprei's personal knowledge. Based upon those undisputed material facts, this Court should grant summary judgment and declare that the

decedent Sprinta Berger was Lilly Segal, the insured in the Segal Policies, and that Delaware Life must pay the death benefit under each of the Segal Policies to Retirement Value.

### B. "Discrepancies" Regarding Personal Identifying Information Create No Genuine Issue of Material Fact Regarding Lilly Segal's Death

Delaware Life does not dispute the eyewitness account of Lilly Segal's treating physician or even attempt to cast doubt on her death or identity as Sprinta Berger. It instead argues it was justified in seeking declaratory relief based upon the evidence available when it filed this lawsuit and discusses five purported "discrepancies" regarding Ms. Segal's birth date, social security number, date of death, and address. But none of those discrepancies is material to Delaware Life's obligation to pay the death benefits here. "A fact issue is 'material' for purposes of summary judgment if its resolution could affect the outcome of the action." *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 628 (5th Cir. 2013); *Markel Ins. Co. v. S.T.C.G., Inc.*, 737 F.Supp.2d 626, 630 (N.D. Tex. 2010) ("Facts are considered 'material' if they 'might affect the outcome of the suit under governing law.'") (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Those discrepancies, one of which Delaware Life resolves on its own, neither controvert the material fact that the insured under the Segal Policies is deceased nor would change that fact even if resolved.

The discrepancies between the birth dates and social security numbers reflected in the Segal Policies on the one hand, and the verified complaint and final judgment for the name change and the death certificate on the other, are immaterial to establishing the insured's death. Dr. Inzlicht-Sprei resolved any doubt that the insured is deceased. He confirmed that Sprinta Berger, as identified in the death certificate, was Lilly Segal, the mother of Herman Segal, who resided at 4115 Quentin Rd, Brooklyn, NY 11234. *Inzlicht-Sprei Dec.*, App. 76-77, 79. That information is not disputed by Delaware Life and matches the insured's other identifying

information provided in the Segal Policies: that Herman Segal was the original owner of the Segal Policies; that his "Relationship to Insured" was "son"; and that he resided at the same address that Dr. Inzlicht-Sprei confirmed was Herman Segal's home—where Dr. Inzlicht-Sprei also pronounced Ms. Segal's death. *Espinoza Dec.*, App. 30, 64. Dr. Inzlicht-Sprei's identification of Sprinta Berger/Lilly Segal thus confirms that she is the insured under the Segal Policies regardless of any remaining discrepancies.

For those same reasons, the fact that the social security number used by Sprinta Berger appears to belong to an individual who is reportedly alive and residing in Florida in no way refutes Dr. Inzlicht-Sprei's eyewitness account regarding Lilly Segal's death. That social security number is irrelevant, and after accounting for all the other evidence, simply suggests that Lilly Segal used a number that was not hers when she changed her name to Sprinta Berger.

Delaware Life also claims a discrepancy between the date of Ms. Segal's death provided in telephonic notice to Delaware Life's administrator and the date of death listed in Sprinta Berger's death certificate. Yet Delaware Life admits that it required a death certificate for "Due Proof of the Insured's Death." *Wilkosky Decl.*, ¶ 9. A telephonic notification thus is immaterial to either the death claim or the fact of death. Again, Dr. Inzlicht-Sprei confirmed that the death certificate issued for Sprinta Berger is also for Lilly Segal.

Lastly, Delaware Life's claim that the address listed in the verified complaint and final judgment for the name change and the death certificate has no known connection to either Lilly Segal or Sprinta Berger also is immaterial. This discrepancy falls in the same category as the social security number; it fails to refute eyewitness testimony that Lilly Segal died and her death certificate was issued in the name of Sprinta Berger. Delaware Life fails to demonstrate a

genuine issue of material fact exists regarding Lilly Segal's death and its corresponding obligation to pay the death benefits owed on the Segal Policies.

Accordingly, Retirement Value respectfully requests this Court to grant summary judgment and declare that:

1. Lilly Segal, the named insured in the Segal Policies, is the same person as Sprinta Berger with the date of birth of March 26, 1926;

2. Lilly Segal, the named insured in the Segal Policies, is the deceased individual identified in the Death Certificate attached to the Inzlicht-Sprei Declaration;

3. Lilly Segal is deceased with a date of death of November 7, 2018 as set forth in the Death Certificate attached as Exhibit 1 to the Declaration provided by Eli Inzlicht-Sprei, M.D; and

4. Delaware Life is obligated to pay Retirement Value the stated death benefits of the Segal Policies.

Retirement Value also requests that the Court dismiss Delaware Life's competing declaratory judgment claim, and requests such other and further relief to which it may show itself justly entitled.

        Respectfully submitted,

        **BROWN FOX PLLC**

        By: */s/ Charlene C. Koonce*
           Charlene C. Koonce
           Texas Bar No. 11672850
           charlene@brownfoxlaw.com
           8111 Preston Road, Suite 300
           Dallas, TX  75225
           Tel. 214.327.5000
           Fax. 214.327.5001

        *Attorneys for Defendant*
        *Retirement Value, LLC*

## **CERTIFICATE OF SERVICE**

      Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.