IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY OF NEW YORK, § § § Plaintiff/Counter Defendant, § § v. § § RETIREMENT VALUE, LLC, § § Defendant/Counter Claimant. § | Case No. 3:22-cv-00275-BT |

# MEMORANDUM ORDER

Before the Court is Retirement Value, LLC's Motion for Summary Judgment (ECF No. 9) on its declaratory judgment counterclaim. Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The moving party may satisfy its burden "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). With respect to claims or

defenses upon which the movant bears the burden of proof at trial, the movant must establish each element of the claim or defense "beyond peradventure." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Peradventure means without uncertainty. *Spedag Ams., Inc. v. Bioworld Merch., Inc.*, 2019 WL 4689011, at *2 (N.D. Tex. Sept. 25, 2019) (Rutherford, J.) (citing *In re Romulus Cmty. Schs.*, 729 F.2d 431, 435 (6th Cir. 1984)). Indeed, courts frequently note the "beyond peradventure" standard is a "heavy" one. *See, e.g.*, *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.).

Here, Retirement Value moves for summary judgment on its counterclaim for declaratory relief. That is, Retirement Value seeks a judgment declaring each of the following facts necessary to require Delaware Life Insurance Company of New York (Delaware Life) to pay Retirement Value the stated death benefits on two policies issued by Sun Life Insurance and Annuity Company of New York insuring the life of Lilly Segal (the "Segal Policies"):

1. Lilly Segal, the named insured in the Segal Policies, is the same person as Sprinta Berger with the date of birth of March 26, 1926;
2. Lilly Segal is deceased, with a date of death of November 7, 2018, as set forth in the Death Certificate signed by Eli Inzlicht-Sprei, M.D.; and
3. Delaware Life is obligated to pay Retirement Value the stated death benefits of the Segal Policies.

However, the evidence on which Retirement Value relies is insufficient to satisfy the heavy "beyond peradventure" standard required to obtain summary

judgment. In particular, and contrary to Retirement Value's argument, Dr. Inzlicht-Sprei's declaration does *not* "eliminate[] any question of fact that Sprinta Berger is the same person as Lilly Segal, who was born on March 26, 1926 and died on November 7, 2018 in Herman Segal's home." Mot. Summ. J. 8. Dr. Inzlicht-Sprei's declaration is conclusory and provides no facts to support his bare assertions that he knew Lilly Segal since 2009 (before her name change) and he identified the body found in Herman Segal's home as Lilly Segal. The declaration also does nothing to explain the significant differences between pertinent personal identifying information found in the Segal Policies and the evidence proffered by Retirement Value. *Compare* App. Mot. Summ. J. Ex. A 30, 64 (ECF No. 10-1) (birthdate as March 26, 1926, birthplace as Hungary, and social security number as XXX-X4-5372) *with* Resp. Mot. Summ. J. Ex. A 4 (ECF No. 12-3) (birthdate as January 14, 1924, birthplace as Czechoslovakia, and social security number as XXX-X6-5373). Additionally, both parties failed to connect—without uncertainty—Lilly Segal and Sprinta Berger through their own investigation of the information provided on Sprinta Berger's death certificate. Resp. Mot. Summ. J. Decls. 4 (ECF No. 12-2); Resp. Mot. Summ. J. Ex. C 2 (ECF No. 12-5).

When the Court views the totality of the summary judgment evidence in the light most favorable to the non-movant Delaware Life, as it must, the evidence does not resolve all genuine issues of material fact over whether the insured Lilly Segal is in fact the deceased Sprinta Berger. Accordingly, Retirement Value is not entitled

3

to summary judgment, and Retirement Value, LLC's Motion for Summary Judgment (ECF No. 9) is DENIED.

Of course, this is not to say that Retirement Value cannot prevail on its claims in another procedural context—such as a bench trial—where the burden of proof would be merely a preponderance of the evidence. Therefore, the Court directs the parties to meet and confer and advise the Court, no later than September 30, 2022, of several dates within the next 60 days when the parties are available for a 1 to 2-day bench trial. The Court is not available October 3-14, 2022. The Court is amenable to making accommodations for remote witness testimony, if necessary.

**SO ORDERED.**

Signed September 21, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4