IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY OF NEW YORK, *Plaintiff*, v. RETIREMENT VALUE, LLC, *Defendant*. | Civil Action No. 3:22-cv-00275-BT |

## FINAL JUDGMENT

**IT IS ORDERED ADJUDGED, AND DECREED** that Defendant Retirement Value, LLC ("Retirement Value"), is entitled to Judgment and has Judgment, as follows:

### A. FINDINGS OF FACT.

Based on the parties' stipulations, as well as the exhibits and testimony submitted at a bench trial on November 15, 2021, the Court makes the following factual findings:

1. On February 3, 2022, Plaintiff Delaware Life Insurance Company of New York ("Delaware Life") filed a Complaint for Declaratory Judgment in this Court seeking a declaration as to whether Retirement Life provided sufficient "due proof" of the death of the named insured, Lilly Segal, as required under the terms of the Segal Policies (defined below) and whether death benefits are consequently payable under the Segal Policies.

2. On March 4, 2022, Retirement Value filed its First Amended Counterclaim for Declaratory Judgment in this Court seeking a declaration that: (a) Lilly Segal, the named insured in the Segal Policies, is Sprinta Berger; (b) Lilly Segal, the named insured in the Segal Policies, is the deceased individual identified in the Death Certificate attached to the Inzlicht-Sprei Declaration; (c) Lilly Segal is deceased; and (d)

1

       Delaware Life is obligated to pay Retirement Value all proceeds of the Segal Policies.

3. Herman Segal, ("Herman") is Lilly Segal's son.

4. On August 15, 2005, Sun Life Insurance and Annuity Company of New York ("SLNY") issued policy number 040000495 in the face amount of $1,500,000 insuring the life of Lilly Segal (entered into evidence as Exhibit 1 to Defendant's Trial Exhibit 8).

5. Herman was the initial owner and beneficiary of policy number 040000495.

6. On August 15, 2005, SLNY issued policy number 040000652 in the face amount of $500,000 also insuring the life of Lilly Segal (entered into evidence as Exhibit 2 to Defendant's Trial Exhibit 8).

7. Herman was the initial owner and beneficiary of policy number 040000652. The $1,500,000 and $500,000 SLNY policies insuring the life of Lilly Segal are collectively referenced herein as the "Segal Policies."

8. In the application attached to the Segal Policies (the "Insurance Application"), Lilly Segal disclosed that her birthdate was March 26, 1926.

9. In the Insurance Application, Lilly Segal disclosed that her social security number was 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.

10. In 2010, Retirement Value was placed into receivership in an action captioned *State of Texas v. Retirement Value, LLC, et al.*, Cause No. D-1-GV-10-000454, in the 126th District Court of Travis County, Texas ("Receivership Proceeding").

11. On May 5, 2010, in the Receivership Proceeding, Eduardo S. Espinosa was appointed Receiver of Retirement Value and fully authorized to marshal and protect the money, property, and assets of Retirement Value by taking full legal control and ownership of assets or property acquired with funds derived from or obtained through Retirement Value's investment scheme.

12. In 2012, Retirement Value became the owner and beneficiary of the Segal Policies.

13. In 2013, SLNY became Delaware Life.

14. Section 9 of the Segal Policies provides that "[t]he Policy Proceeds will be paid in a lump sum upon receipt of Due Proof of the Insured's Death,"

with "Due Proof" defined as "[s]uch evidence as we may reasonably require in order to establish that Policy Proceeds or any other benefits are due and payable."

15. Herman sought to change his mother's name from Lilly Segal to Sprinta Berger by filing a Verified Complaint Including Certification of Plaintiff for Name Change in the Superior Court of New Jersey, Somerset County, docket no. L-240-17 ("Name Change Complaint"), upon which Final Judgment was entered on April 25, 2017 (entered into evidence as Exhibit 1 to Defendant's Trial Exhibit 9). Neither Lilly Segal nor Herman informed Delaware Life or Retirement Value of the change.

16. The Name Change Complaint reflected a different date of birth and social security number than those disclosed in the Application for the Segal Policies. The date of birth for Lilly Segal was disclosed in the Name Change Complaint as January 14, 1924. The social security number for Lilly Segal that was disclosed in the Name Change Complaint belongs to another person who lives in Florida.

17. Multiple insurance carriers have been unwilling to pay death claims due to the same issues raised here by Delaware Life—questions concerning whether Sprinta Berger and Lilly Segal are the same person and the reason for different date of birth and social security numbers provided by Lilly Segal and associated with Sprinta Berger.

18. Litigation was commenced against Herman in the Eastern District of New York, in *Wilmington Trust, N.A., as Securities Intermediary v. Hermann Segal*, 1:21-cv-01540-PKC-VMS, (the "*Wilmington Trust* Case") with Wilmington Trust contending that Herman purposefully changed Lilly Segal's name, social security number, and date of birth to prevent policy owners from collecting death benefits.

19. In the *Wilmington Trust* Case, Herman (a) does not dispute that his mother, Lilly Segal, died November 7, 2018 or that the Death Certificate in that case for Sprinta Berger, which is the same Death Certificate entered into evidence as Defendant's Trial Exhibit 4, was his mother's; (b) admitted his mother had changed her name during her life; (c) admitted his mother is buried at Beth David Cemetery in Elmont, New York; and (d) admitted that the social security number used for his mother's name change when he completed the Name Change Complaint was incorrect.

20. On November 14, 2022, the Court in the *Wilmington Trust* Case entered a Partial Final Judgment ruling, among other things, that (i) Lilly Segal died on November 7, 2018; and (ii) at the time of her death, Lilly Segal was also known as Sprinta Berger.

21. Dr. Inzlicht-Sprei knew Lilly Segal for many years before her death.

22. Medical records for Lilly Segal (entered into evidence as Defendant's Trial Exhibits 5 and 6) show that Dr. Inzlicht-Sprei had treated her as a patient since at least 2006.

23. Dr. Inzlicht-Sprei was called to Herman's home, by Herman, on Nov. 7, 2018 to attend to Lilly Segal.

24. When he arrived at Herman's home, Dr. Inzlicht-Sprei recognized Lilly Segal.

25. Herman admitted to Dr. Inzlicht-Sprei that the person Dr. Inzlicht-Sprei recognized was Herman's mother, Lilly Segal.

26. Dr. Inzlicht-Sprei pronounced Lilly Segal dead and signed her Death Certificate (entered into evidence as Defendant's Trial Exhibit 4).

27. Dr. Inzlicht-Sprei used the name "Sprinta Berger," on the Death Certificate because Herman had informed Dr. Inzlicht-Sprei that Lilly Segal had changed her name to "Sprinta Berger." The date of birth and social security number contained in the Death Certificate was provided to Dr. Inzlicht-Sprei by the Funeral Home (defined below) which, in turn, was provided with such information by Herman. Dr. Inzlicht-Sprei did not confirm the accuracy of such information with his patient records for Lilly Segal.

28. Dr. Inzlicht-Sprei recognized the person who died in Herman's home on November 7, 2018 as Lilly Segal, who also used the name Sprinta Berger.

29. On November 7, 2018, Herman also called Rabbi Hartman, who is an employee of the Jewish Funeral Services of Brooklyn (the "Funeral Home") and notified the Rabbi and the Funeral Home that his mother had passed away.

30. The Director of the Funeral Home, James Donofrio, went in person to retrieve the body of Herman's mother at Herman's Brooklyn home.

31. While Mr. Donoforio was at Herman's home, Herman provided Mr. Donofrio with the identifying information for Sprinta Berger, including her name (Sprinta Berger), the birthdate used on the Name Change Complaint, and the social security number that had been disclosed in the Name Change Complaint.

32. Mr. Donoforio included the personal identifying information provided by Herman about his mother on the form Mr. Donoforio prepared related

        to Sprinta Berger's funeral and burial (entered into evidence as Exhibit 2 to Defendant's Trial Exhibit 9).

33. The same personal identifying information, also provided by Herman, was included on Sprinta Berger's Death Certificate.

34. Herman paid for his mother's funeral.

35. Richard J. Damm Jr, is the Vice President at Beth David Cemetery in Elmont, New York. On November 7, 2018, a licensed funeral director for the Funeral Home presented a transit permit providing for the interment of Sprinta Berger at Beth David Cemetery.

36. On the same date, James Donofrio, also a licensed funeral director for the Funeral Home, arranged for the burial of Sprinta Berger in the Burial Grounds of Yeshiva Rabbi Chaim Berlin, in Beth David Cemetery in a plot between other Segal family members.

37. Prior to initiation of litigation, the Receiver provided Delaware Life with a Death Claim Submission and a Death Certificate for Sprinta Berger (formerly known as Lilly Segal) (entered into evidence as Defendant's Trial Exhibit 4).

**B.   CONCLUSIONS OF LAW AND DECLARATIONS.**

The Court concludes as follows, and further, **HEREBY DECLARES AS FOLLOWS:**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332;

2. Lilly Segal, the named insured in the Segal Policies with the date of birth of March 26, 1926 (as stated in the Insurance Application, Lilly Segal's Driver's License and Lilly Segal's Certificate of Naturalization entered into evidence as Exhibit C to Joint Trial Exhibit 1) is the same person as Sprinta Berger reflected in the Name Change Complaint and April 25, 2017 Judgment in the Name Change proceeding (entered into evidence as Exhibit 1 to Defendant's Trial Exhibit 9);

3. Lilly Segal, the named insured in the Segal Policies, is the deceased individual identified in the Death Certificate (entered into evidence as Defendant's Trial Exhibit 4);

4. Lilly Segal is deceased, with a date of death of November 7, 2018 as set forth in the Death Certificate;

5. Delaware Life is obligated to pay Retirement Value the stated death benefits of the Segal Policies ("Policy Proceeds"); and

6. Delaware Life is obligated to pay Retirement Value interest on the Policy Proceeds at the annual rate of 2.75% accruing from the date of the death of the insured, Lilly Segal, on November 7, 2018 through the date of payment of the Policy Proceeds.

This is a final judgment disposing of all parties and claims. There being no just reason for delay, the Clerk of this Court is **DIRECTED** to enter this Judgment.

**SO ORDERED.**

Dated: November 29, 2022.

HON. REBECCA RUTHERFORD
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS